**E-FILED on**    1/3/07

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ERNIE GUERRERO,<br><br>        Plaintiff,<br><br>      v.<br><br>THE PEPSI BOTTLING GROUP, INC., and DOES 1-25,<br><br>        Defendants. | No. C-06-06026 RMW<br><br>ORDER GRANTING MOTION TO REMAND<br><br>**[Re Docket Nos. 5, 6, 10, 13, 14]** |

      Defendant the Pepsi Bottling Group, Inc. removed this action from the Monterey County Superior Court, and now plaintiff Ernie Guerrero seeks remand. For the reasons set forth below, the court grants the motion.

## I. BACKGROUND

      On August 17, 2006, Guerrero filed a complaint in the Monterey County Superior Court against his employer, Pepsi, for allegedly not accommodating his medical condition in violation of California Government Code § 12940 *et seq*. Pepsi timely removed the case here, claiming that this court had diversity jurisdiction based on 28 U.S.C. § 1332(a)(1). Guerrero now moves to remand, claiming that Pepsi has not met its burden of proving the parties are of diverse citizenship.

## II.  ANALYSIS

According to the Ninth Circuit, there is a "strong presumption against removal jurisdiction" and therefore "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*).  The parties do not dispute that Guerrero seeks at least $75,000 and is a citizen of California.  The parties also do not dispute that Pepsi is incorporated under the laws of Delaware, making it, for the purposes of diversity jurisdiction, a citizen of that state.  *See* 28 U.S.C. § 1332(c)(1).

However, a corporation is also deemed to be a citizen of the state of its principal place of business.  *Id*.  Pepsi claims that its principal place of business is in New York.  Guerrero claims that Pepsi has not satisfied the heavy burden of proof it bears in establishing that its principal place of business is in New York and that therefore diversity is presumptively lacking.

In his motion to remand, Guerrero points out that he works for Pepsi at facilities in Salinas, California.  Guerrero also points out that, according to Pepsi's website, Pepsi's domestic operations are divided into seven regions, and two of these regions, the Pacific Northwest and Southern California regions, encompass parts of California.  The evidence Pepsi provides with its opposition is decidedly curious—Pepsi relies on its website, the contents of which are inadmissible hearsay when offered for their truth and the conclusory declaration of a paralegal as to what she purportedly learned through a review of unidentified "company records," even though Pepsi obviously has access to better information about its own operations.  Pepsi merely points out that its website shows that Pepsi has 45 plants and 260 distribution centers throughout the United States and that portions of the two regions that include parts of California also include parts of other states.  From this Pepsi asks the court to draw an inference that a substantial predominance of Pepsi's business is not within any one state.

As the Ninth Circuit has explained,

> where a majority of a corporation's business activity takes place in one state, that state is the corporation's principal place of business, even if the corporate headquarters are located in a different state.  The "nerve center" test should be used only when no state contains a substantial predominance of the corporation's business activities.

*Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1093 (9th Cir. 1990).  "'[S]ubstantial

predominance' does not require the majority of a corporation's total business activity to be located in one state, but instead, requires only that the amount of corporation's business activity in one state be significantly larger than any other state in which the corporation conducts business." *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 500 (9th Cir. 2001) (*per curiam*). With the burden of proof on Pepsi, Pepsi must present evidence that shows the substantial predominance of its business is not in any one state. *See Gaus*, 980 F.2d at 566. This Pepsi has not done. Pepsi has merely pointed to the map on its website and talked about the relative sizes of the colored areas corresponding to its seven business divisions and the number of states encompassed by different divisions. This does not indicate how much business Pepsi does in any particular state and does not overcome the presumption that a substantial predominance of Pepsi's business is in California.

Apparently realizing the deficiency in its evidence, Pepsi filed a document entitled "Supplemental Response to Plaintiff's Reply Memorandum" and a supporting declaration. *See* dkt. nos. 14, 15. Pepsi did not seek leave of the court to file these documents. Under the local rules of this district, "once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval." Civil L.R. 7-3(d). There is no apparent excuse for Pepsi's late filing, and these two late-filed documents are therefore stricken and will not be considered.

As Pepsi has not presented sufficient evidence to prove that its principal place of business should not be determined using the "substantial predominance" test, the location of Pepsi's corporate headquarters—which would be pertinent only to the "nerve center" test—is irrelevant. Pepsi therefore has not sustained its burden of showing that diversity jurisdiction exists, and the case must therefore be remanded.

While the court is cognizant that this is a decision reached somewhat through technicalities, sound reasons support holding Pepsi to strict compliance with the diversity requirements. "Public policy favors allowing state courts to adjudicate state law claims." *Ghaderi v. United Airlines, Inc.*, 136 F. Supp. 2d 1041, 1043 (N.D. Cal. 2001). State-law claims are involved here. "The primary purpose of the diversity statute is to avoid prejudice against 'outsiders.'" *Id*. Clearly, Pepsi is not an outsider to California.

In addition, Pepsi is not a hapless litigant blundering through an unfamiliar environment of

the judicial system. It was undoubtedly aware of the showing it would have to make to oppose remand.

No fees, costs, or sanctions are awarded.

### III. ORDER

For the foregoing reasons, the court:

1. strikes defendant's Supplementary Response to Plaintiff's Reply Memorandum;
2. grants plaintiff's motion to remand; and
3. denies each party's request for fees, costs, or sanctions.

The clerk of this court shall mail a certified copy of this order to the clerk of the Monterey County Superior Court.

DATED:       1/3/07

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

ORDER GRANTING MOTION TO REMAND—No. C-06-06026 RMW
4

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

Clint J. Brayton          cbrayton@schneiderwallace.com
Nicole Garbarino      ngarbarino@schneiderwallace.com

**Counsel for Defendant:**

Michele Ballard Miller      mbm@millerlawgroup.com
Lisa Hamasaki                  lch@millerlawgroup.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**     1/3/07

**Chambers of Judge Whyte**

ORDER GRANTING MOTION TO REMAND—No. C-06-06026 RMW

5